Albert   A.   Brock,   Appellant,   v.   Joseph   A.   Aspenleiter,
                              Respondent.

*Action to recover for goods sold — evidence that the goods sold were to be paid for in
                              goods — nonsuit.*

On a trial of an action brought to recover a certain sum of money for butter sold
    and delivered by the plaintiff, a dealer in butter, to the defendant, a dealer in
    clothing, the trial judge drew the inference from the evidence that the butter
    sold was to be paid for in clothing, and there being an absence of any evidence
    that the defendant had failed to keep his part of the contract, concluded that
    the plaintiff had failed to make a case, and granted a nonsuit.
*Held,* that there was no reason for disturbing the judgment.

Appeal by the plaintiff, Albert A. Brock, from a judgment of
the County Court of Monroe county, entered in the office of the
clerk of that county on the 14th day of June, 1892, affirming a
judgment of the Municipal Court of Rochester in favor of the
defendant.

*C. W. Allen,* for the appellant.

*James L. Hotchkiss,* for the respondent.

Lewis, J. :

    This action was brought in the Municipal Court of Rochester to
recover seventy.dollars and seventy-eight cents for butter sold and
delivered by the plaintiff to defendant.

    The plaintiff was nonsuited, and an appeal was taken to the
County Court of Monroe county from the judgment of nonsuit on
questions of law only; the judgment was affirmed by that court,
and an appeal was taken to this court.    All the evidence came from
the plaintiff.    He was a dealer in butter; the defendant was in the
clothing business.

    The plaintiff testified that he first began to deal with the defend-
ant in 1889.    " I asked him (meaning the defendant) if he would
take butter of me, if I would take clothes; it was to the effect that
he wanted butter, and I told him if he could use the butter it would
help me, it would be as good as cash; he said, all right.   *   *   *
The butter and clothes were all part of our transaction."   " I have

no memorandum of the clothes I bought of him; I have never rendered to defendant a statement of my account, and have never demanded payment of that. My understanding of the talk I and defendant had, was, that all butter I furnished was to be credited on account."

The trial judge drew the inference from this evidence that the butter was sold to be paid for in clothes, and there being an absence of any evidence that the defendant had failed to keep his part of the contract, he concluded that the plaintiff had failed to make a case, and hence granted a nonsuit, and we find no reason for disturbing the judgment.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Judgment of the County Court of Monroe county appealed from affirmed, with costs.